IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUPPLY CHAIN CONNECT, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>BASF CORPORATION, BP CHEMICAL COMPANY, THE DOW CHEMICAL COMPANY, E. I. DU PONT DE NEMOURS AND COMPANY, ELEMICA, INC., SHELL CHEMICAL LP, LANXESS CORPORATION, MITSUI CHEMICALS AMERICA, INC., RHODIA, INC., ROHM AND HAAS COMPANY, SOLUTIA INC., SOLVAY CHEMICALS, INC., and WACKER CHEMICAL CORPORATION,<br><br>        Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Supply Chain Connect, LLC ("SCC" or "Plaintiff") makes the following allegations against BASF Corporation; BP Chemical Company; The Dow Chemical Company; E. I. du Pont de Nemours and Company; Elemica, Inc.; Shell Chemical LP.; Lanxess Corporation; Mitsui Chemicals America, Inc.; Rhodia, Inc.; Rohm and Haas Company; Solutia Inc.; Solvay Chemicals, Inc.; and Wacker Chemical Corporation.

**PARTIES**

1. Plaintiff Supply Chain Connect, LLC is a Texas limited liability company with its principal place of business at 11221 Katy Freeway, Suite 107, Houston, Texas 77043. Supply Chain Connect has an established track record of helping companies optimize their purchasing and sales processes through the use of e-commerce across a broad range of products including chemicals, plastics, wire and cable, and manufactured goods. Supply Chain Connect is


committed to innovating and improving transaction processes for buyers, sellers and supply chain partners in multiple industries worldwide.

2. On information and belief, BASF Corporation ("BASF") is a Delaware corporation with its principal place of business at 100 Campus Dr., Florham Park, NJ 07932. BASF may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

3. On information and belief, BP Chemical Company ("BP") is a Delaware corporation with its principal place of business at 28100 Torch Pkwy., Warrenville, IL 60555. BP may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

4. On information and belief, The Dow Chemical Company ("Dow") is a Delaware corporation with its principal place of business at 2030 Dow Ctr., Midland, MI 48674. Dow may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5. On information and belief, E. I. du Pont de Nemours and Company ("DuPont") is a Delaware corporation with its principal place of business at 4417 Lancaster Pike, Wilmington, DE 19805. DuPont may be served through its registered agent, E. I. du Pont de Nemours and Company, 1007 Market Street, Rm. 8042, Du Pont Building, Wilmington, DE 19898.

6. On information and belief, Elemica, Inc. ("Elemica") is a Delaware corporation with its principal place of business at 222 Valley Creek Blvd., Suite 220, Exton, PA 19341. Elemica may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

7. On information and belief, Shell Chemical LP ("Shell") is a Delaware limited partnership with its principal place of business at 910 Louisiana St., Houston, TX 77002. Shell may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8. On information and belief, Lanxess Corporation ("Lanxess") is a Delaware corporation with its principal place of business at 111 Parkwest Dr., Pittsburgh, PA 15275. Lanxess may be served through its registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

9. On information and belief, Mitsui Chemicals America, Inc. ("Mitsui") is a Delaware corporation with its principal place of business at 800 Westchester Avenue, Suite N607, Rye Brook, NY 10573. Mitsui may be served through its registered agent United States Corporation Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

10. On information and belief, Rhodia, Inc. ("Rhodia") is a Delaware corporation with its principal place of business at 8 Cedar Brook Dr., Cranbury, NJ 08512. Rhodia may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

11. On information and belief, Rohm and Haas Company ("Rohm") is a Delaware corporation with its principal place of business at 2030 Dow Ctr., Midland, MI 48674. Rohm may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

12. On information and belief, Solutia Inc. ("Solutia") is a Delaware corporation with its principal place of business at 575 Maryville Centre Dr., St. Louis, MO 63141. Solutia may be

served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

13.     On information and belief, Solvay Chemicals, Inc. ("Solvay") is a Delaware corporation with its principal place of business at 3333 Richmond Ave., Houston, TX 77098. Solvay may be served through its registered agent Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

14.     On information and belief, Wacker Chemical Corporation ("Wacker") is a Delaware corporation with its principal place of business at 3301 Sutton Rd., Adrian, MI 49221. Wacker may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

**JURISDICTION AND VENUE**

15.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

16.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,451,107**

17.     Plaintiff is the owner by assignment of United States Patent No. 7,451,107 ("the '107 Patent") entitled "Business-to-Business Electronic Commerce Clearinghouse" – including all rights to recover for past and future acts of infringement.  The '107 Patent issued on November 11, 2008.  A true and correct copy of the '107 Patent is attached as Exhibit A.

18. On information and belief, Defendant BASF has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent, to the injury of SCC. Defendant BASF is thus liable for infringement of the '107 patent pursuant to 35 U.S.C. § 271(a).

19. On information and belief, Defendant BP has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent, to the injury of SCC. Defendant BP is thus liable for infringement of the '107 patent pursuant to 35 U.S.C. § 271(a).

20. On information and belief, Defendant Dow has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent, to the injury of SCC. Defendant Dow is thus liable for infringement of the '107 patent pursuant to 35 U.S.C. § 271(a).

21. On information and belief, Defendant DuPont has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the

United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent to the injury of SCC. Defendant DuPont is thus liable for infringement of the '107 patent pursuant to 35 U.S.C. § 271(a).

22. On information and belief, Defendant Elemica has been and now is directly infringing and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, providing, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems covered by one or more claims of the '107 Patent, and inducing, aiding and abetting its trading partners to use the one or more unauthorized business-to-business electronic clearinghouse systems covered by one or more claims of the '107 Patent, to the injury of SCC. It is further alleged that Defendant Elemica's business-to-business electronic clearinghouse systems are especially made or especially adapted to be used in a way that infringes the '107 Patent, and which do not have a substantial non-infringing use. Defendant Elemica is thus liable for infringement of the '107 patent pursuant to 35 U.S.C. § 271(a), (b) and/or (c).

23. On information and belief, Defendant Shell has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent, to the injury

of SCC. Defendant Shell is thus liable for infringement of the '107 Patent pursuant to 35 U.S.C. § 271(a).

24. On information and belief, Defendant Lanxess has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent, to the injury of SCC. Defendant Lanxess is thus liable for infringement of the '107 Patent pursuant to 35 U.S.C. § 271(a).

25. On information and belief, Defendant Mitsui has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent, to the injury of SCC. Defendant Mitsui is thus liable for infringement of the '107 Patent pursuant to 35 U.S.C. § 271(a).

26. On information and belief, Defendant Rhodia has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent, to the injury of SCC. Defendant Rhodia is thus liable for infringement of the '107 Patent pursuant to 35 U.S.C. § 271(a).

27. On information and belief, Defendant Rohm has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent , to the injury of SCC.  Defendant Rohm is thus liable for infringement of the '107 Patent pursuant to 35 U.S.C. § 271(a).

28. On information and belief, Defendant Solutia has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent, to the injury of SCC.  Defendant Solutia is thus liable for infringement of the '107 Patent pursuant to 35 U.S.C. § 271(a).

29. On information and belief, Defendant Solvay has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent, to the injury of SCC.  Defendant Solvay is thus liable for infringement of the '107 Patent pursuant to 35 U.S.C. § 271(a).

30. On information and belief, Defendant Wacker has been and now is directly infringing the '107 Patent in the State of Delaware, in this judicial district, and elsewhere in the

United States, by, among other things, using, for chemical supplier transactions, one or more unauthorized business-to-business electronic clearinghouse systems, including the Elemica electronic clearinghouse system, covered by one or more claims of the '107 Patent, to the injury of SCC. Defendant Wacker is thus liable for infringement of the '107 Patent pursuant to 35 U.S.C. § 271(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '107 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '107 Patent;

3. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '107 Patent as provided under 35 U.S.C. § 284;

3. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

4. Any and all other relief to which Plaintiff is entitled to under law and any other further relief that this Court or a jury may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

| | |
|---|---|
| June 10, 2011 | BAYARD, P.A. |
| | |
| | */s/ Richard D. Kirk (rk0922)* |
| **OF COUNSEL:** | Richard D. Kirk (rk0922) |
| | Stephen B. Brauerman (sb4952) |
| Gregory P. Love | 222 Delaware Avenue, Suite 900 |
| Scott E. Stevens | P.O. Box 25130 |
| Darrell G. Dotson | Wilmington, DE 19899-5130 |
| Todd Y. Brandt | rkirk@bayardlaw.com |
| Stevens Love | sbrauerman@bayardlaw.com |
| 111 West Tyler Street | (302) 655-5000 |
| PO Box 3427 | |
| Longview, Texas 75606 | ***Counsel for Plaintiff*** |
| (903) 753–6760 | ***Supply Chain Direct, LLC*** |
| greg@stevenslove.com | |
| scott@stevenslove.com | |
| darrell@stevenslove.com | |
| todd@stevenslove.com | |